```
THOMAS A. JOHNSON, #119203
400 Capitol Mall, Suite 1620
Sacramento, California  95814
Telephone: (916) 422-4022
Attorney for Gover Ebarle
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:13-cr-241-JAM |
| Plaintiff, | STIPULATION AND ORDER FOR CONTINUANCE OF STATUS CONFERENCE |
| vs. | |
| GOVER EBARLE, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, Kyle Reardon, and Defendant, Gover Ebarle, by and through his counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on October 22, 2013.
2. By this stipulation, Defendant now moves to continue the Status Conference to December 17, 2013 at 9:45 a.m., and to exclude time between October 22, 2013, and December 17, 2013 under Local Code T4.  Plaintiff does not oppose this request.
3. The parties agree and stipulate, and request that the Court find the following:

a. The government has represented that the discovery associated with this case includes approximately 150 pages of discovery.  This discovery has been either produced directly to counsel and/or made available for inspection and copying.

b. The continuance is being requested because the attorneys for each defendant need more time to prepare which will include reviewing discovery, discussing that discovery with their respective clients, considering new evidence that may affect the disposition of this case, conducting necessary research and investigation and then discussing with their clients how to proceed.

c. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. The government does not object to the continuance.

e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 22, 2013, to December 17, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A),

|   |   |
|---|---|
| 1 | B(iv) [Local Code T4] because it results from a |
| 2 | continuance granted by the Court at defendant's |
| 3 | request on the basis of the Court's finding that the |
| 4 | ends of justice served by taking such action |
| 5 | outweigh the best interest of the public and the |
| 6 | defendant in a speedy trial. |

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATED: October 18, 2013      By:   /s/ Thomas A. Johnson
                                    THOMAS A. JOHNSON
                                    Attorney for Gover Ebarle


DATED: October 18, 2013      BENJAMIN B. WAGNER
                             United States Attorney

                             By:   /s/ Thomas A. Johnson for
                                   KYLE REARDON
                                   Assistant U.S. Attorney

**ORDER**

**IT IS SO ORDERED.**

Dated: October 21, 2013

                                   /s/ John A. Mendez
                                   HON. JOHN A. MENDEZ
                                   U.S. District Court Judge

3